## STATE EX REL. J. J. DIXON v. PATRICK STAPLETON AND OTHERS.[1]

January 29, 1926.

No. 24,976.

**Closing of room used for sale of liquor sustained.**

The finding of the court that the owner of a building, one room of which he leased as a place for selling soft drinks, had notice that it was used by his lessee as a place for selling intoxicating liquor, is sustained by the evidence; and a judgment properly followed closing the room against all use for a year.

Intoxicating Liquors, 33 C. J. pp. 770 n. 17; 771 n. 41.

Action in the district court for Beltrami county by the mayor of Bemidji to abate a nuisance. The case was tried before Stanton, J., who ordered judgment in favor of plaintiff. Defendant Stapleton appealed from the judgment. Affirmed.

*P. J. Russell,* for appellant.

*C. L. Pegelow,* for respondent.

DIBELL, J.

Action to abate a public nuisance created by the maintenance of a place where intoxicating liquor was sold. There was judgment against the defendants Stapleton and Nelson, and the former appeals.

The action is under G. S. 1923, § 3209, et seq. Section 3216 is the section particularly applicable.

The defendant Stapleton owned the North Shore hotel in Bemidji. On November 29, 1924, he leased a ground floor room, in early times used as a saloon, together with the basement immediately underneath, to the defendant Nelson for a year, to be used, among other purposes, as a place for the sale of soft drinks. The lessee covenanted not to keep intoxicating liquors.

[1]Reported in 207 N. W. 137.

The court found that on March 23, 1925, and other dates, the defendant Nelson maintained in the room a place where intoxicating liquor was sold; and that defendant Stapleton was cognizant of the fact. This finding brings Stapleton within the condemnation of section 3216 authorizing the closing of premises for a year "if the owner had notice, or knowledge, or reason to believe the existence of such nuisance prior to the commencement of the action and failed to abate the same."

The finding is sustained. The evidence is that moonshine was sold on the premises on March 23, 24, 25, 29 and April 4, 1925. The deputy sheriff found moonshine there. The reputation of the place was that of one where intoxicating liquor was sold. Inside the leased room a small one was partitioned off where liquors were served. There was a device whereby one at the bar could spring the lock of the door of the small room and admit a visitor. Behind the bar was a trap-door connecting with a chute extending to the basement at the lower end of which was a sack of hard cement, all suggested to be a means of destroying proof in an emergency. The leased room connected with the lobby of the hotel and to some extent was used as a lounging room. The defendant was about the hotel and familiar with the situation. He had been in the small room and knew of the device for opening it. He knew of the trap door connecting with the chute. When asked if he didn't "think that was an arrangement to break bottles in case of a raid or search," his answer was: "Well, I couldn't say to that." He knew of Nelson being convicted of selling liquor to an Indian, not on the leased premises but on the street. This, as near as we can get the date, was some time in February. He had notice that Nelson was convicted about March 24, of selling liquor, soon after canceled his lease, and Nelson vacated on April 20.

The evidence need not be reviewed further. It sustains the trial court's conclusion; and its judgment ordering the sale of the personal property in the room, which does not seem to concern Stapleton, and directing the closing of the room against any use for a year, in which Stapleton is directly interested, is authorized and intended by the statute.

Judgment affirmed.